# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

In re EBIX, INC. DERIVATIVE
LITIGATION

)
)
)
)
)
)
)
)
)
)

File No. 1:13-CV-62-RWS

**[Proposed] FINAL ORDER AND
JUDGMENT APPROVING
SETTLEMENT AND DISMISSING
ACTIONS WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court entered   September 30, 2014 ("Preliminary Approval Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of September 23, 2014 (the "Stipulation").  Due and adequate notice having been given as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     This Court has jurisdiction over the subject matter of the Federal Action and over all parties thereto, including Plaintiffs, the current stockholders of Ebix, and the Defendants.

3.     Pursuant to Federal Rule of Civil Procedure 23.1, the Court hereby approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate to the Settling Parties in all respects, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Stipulation.

4.     The Court hereby dismisses on the merits and with prejudice the Federal Action and all Released Claims. Except as otherwise provided in the Stipulation, each party shall bear their own costs.

5.     Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of Ebix) and Ebix shall have, and each Ebix stockholder by operation of this Final Order and Judgment shall be deemed to have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed (a) the Released Claims against the Released Persons; and (b) any and all claims (including Unknown Claims) against the Released Persons arising out of, relating to, or in connection with, the defense, Settlement, and resolution of the Actions.[1]

6.     Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of Ebix) and Ebix shall have, and each Ebix stockholder by operation of this Final Order and Judgment shall be deemed to have, covenanted not to sue the Released Persons with respect to the Released Claims, and shall be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

---

[1] Released Claims only include those claims that can be released under applicable law. *See e.g.*, *Thomas v. Blue Cross & Blue Shield*, 333 Fed. App'x 414, 420 (11th Cir. 2009).

7.    The Court finds that the notice given to current Ebix stockholders of the Settlement, the Stipulation, and the Settlement Hearing was the best notice practicable under the circumstances, and that said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8.    The Court hereby approves an aggregate fee and expense award in the amount of six hundred ninety thousand dollars ($690,000.00) in accordance with the terms of the Stipulation, which includes an incentive award for each of the Plaintiffs in the amount of $1,500, and finds that such fee and expense award is fair and reasonable, and directs said amounts to be paid to Plaintiffs' Counsel as provided in the Stipulation.

9.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault, or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (c) is or may be deemed to be or may be used as an admission or evidence that any claims

asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be admissible in any proceeding for any purpose except that the Released Persons may file the Stipulation and/or the Final Order and/or Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.    Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over the Federal Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein, and the provisions of this Final Order and Judgment.

11.    The Court finds that during the course of the Federal Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar laws.

- 5 -

12.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

13.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14.     Judgment shall be, and hereby is, entered dismissing the Federal Action with prejudice and on the merits.  The Court finds that this Final Order and Judgment is a final, appealable judgment and should be entered in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _December 2, 2014_

THE HONORABLE
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

Submitted by:

David A. Bain (Georgia Bar No.
032449)
LAW OFFICES OF DAVID A.
BAIN, LLC
1050 Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Tel: (404) 724-9990
Fax: (404) 724-9986

*Liaison Counsel for Plaintiffs*